IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00339-WYD-KLM

RANDALL S. ASHER, D.D.S., M.S.,

    Plaintiff,

v.

THE PROCTOR & GAMBLE COMPANY, an Ohio corporation; and
CHURCH & DWIGHT CO., INC., a New Jersey corporation,

    Defendants.

**ORDER**

I. <u>INTRODUCTION</u>

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss Plaintiff Randall S. Asher's Complaint (docket #55), filed September 5, 2007. The Plaintiff filed a response and the Defendants filed a reply in support of their motion. After carefully considering the pleadings submitted by both parties, and for the reasons stated below, I find that Defendants' motion to dismiss must be denied.

II. <u>BACKGROUND</u>

In this action, the Plaintiff asserts five (5) claims for relief arising out of an alleged patent infringement. The Defendants have moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

By way of background, on February 8, 2007, Plaintiff filed the instant patent infringement action alleging that the Defendants infringed U.S. Patent No. 5,735,011

("the 011 patent").[1]  In their motion to dismiss, the Defendants allege that the Plaintiff did not own all right, title and interest in the patent at issue in this case.  Specifically, the Defendants argue that after the Complaint was filed, the Defendants learned that the Plaintiff had assigned his entire right, title and interest in the 011 patent to Asher Innovations, Inc. on April 30, 1999.  The assignment to Asher Innovations, Inc. ("the 1999 Assignment") was recorded at the United States Patent and Trademark Office ("PTO") on May 17, 1999.  The Defendants claim that Asher Innovations, Inc. owned all right, title and interest in the 011 patent at the time the Complaint was filed, not the Plaintiff.  In their motion, the Defendants argue that "[t]his is confirmed by the fact that on August 7, 2007, nearly six months after Asher filed the Complaint, Asher Innovations assigned the 011 patent back to Asher."  (Mot. at 3.)

In his response, Plaintiff disputes Defendants' argument.  Plaintiff attached an affidavit to his response averring that pursuant to Colo. Rev. Stat. § 7-114-105, he is the sole shareholder and president of Asher Innovations, Inc.  Plaintiff further states that he reassigned the 001 patent back to himself individually in 2001 upon the dissolution of the corporate entity, Asher Innovations, Inc.  Plaintiff further explains that the assignment executed by the Plaintiff on August 7, 2007 "was solely for the purpose of settlement in that Dr. Asher was unable to physically locate the Assignment document executed in 2001 which was requested by defense counsel, Ingrid Moll, for Conair Corporation as part of Plaintiff's settlement of those claims against Conair

---

[1] I note that Defendants GlaxoSmithKline and Conair Corporation were previously dismissed from this case by Order of the Court dated October 11, 2007.

Corporation." (Resp. at 2.)

In addition to Plaintiff's affidavit, Plaintiff also attaches an affidavit from his attorney, Paul Thompson, who avers that Plaintiff told him that Asher Innovations, Inc. reassigned the 011 patent to Plaintiff in 2001. Mr. Thompson further stated that "[d]ue to the fact that the parties were attempting to comply with the Court's Order regarding the filing of settlement documents and the Stipulated Motion to Dismiss, Cochran, Freund & Young, LLC prepared on their standard form a new Assignment from Asher Innovations, Inc. to Dr. Asher duplicating the previous Assignment executed in 2001." (Thompson Aff. ¶ 9.)

III.   STANDARD OF REVIEW

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *Todd Holding Co., Inc. v. Super Value Stores, Inc.*, 744 F. Supp. 1025, 1026 (D. Colo. 1990). Thus, the court must satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim. *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998). "[T]he burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994). "Mere conclusory allegations of jurisdiction are not enough." *United States, ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1196, 1160 (10th Cir. 1999).

When a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir.

1990). Where there is a facial attack, the Court must look to the factual allegations of the Complaint. *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). In a factual attack, the court may consider matters outside the pleadings, and the motion is not converted to a motion for summary judgment. *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992). "The trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *Osborn v. United States*, 918 F.2d 724, 730 (*quoting Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)).

"Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Osborn*, 918 F.2d at 730.

IV. ANALYSIS

As I previously stated, in their motion, the Defendants argue that this case should be dismissed for lack of subject matter jurisdiction. The Defendants claim that at the time the Plaintiff filed the Complaint, the Plaintiff did not own all right, title and interest in the 011 patent at issue in this case. Moreover, the Defendants state that controlling precedent supports their argument. However, the bulk of the authority cited by the Defendants in their pleadings is from other circuits, which is not binding on this Court. Further, the Defendant spends ten pages in its reply attempting to argue the facts of this case and refute the validity of Plaintiff's affidavits. This is inappropriate at

this stage of the litigation. After weighing the relevant evidence, I find that the Plaintiff has put forth sufficient information for this Court to satisfy itself that it has subject matter jurisdiction over this case. Accordingly, Defendant's motion to dismiss is denied.

V.  CONCLUSION

Based on the foregoing, it is

ORDERED that Defendants' Motion to Dismiss Plaintiff Randall S. Asher's Complaint (docket #55), filed September 5, 2007, is **DENIED**, each party to bear its own costs and attorneys' fees in connection with this motion.

Dated:  April 4, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge